UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| DWIGHT LABRAN, JR. | : | DOCKET NO. 2:06-cv-438 Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ROBERT T. JOHNSON, BRONX COUNTY DISTRICT ATTORNEY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Dwight Labran, Jr., pursuant to 28 U.S.C. § 2241. By this petition, the petitioner seeks to challenge a detainer lodged against him by the State of New York under the Interstate Agreement on Detainers Act, 18 U.S.C. App. § 2, (IADA). This matter has been referred to the undersigned magistrate judge for review, report, and recommendation.

## BACKGROUND

Petitioner is currently confined in the Federal Correctional Institution in Oakdale, Louisiana. In this *habeas* petition, Petitioner seeks to have this court order the respondent to remove the detainer which has been lodged against him due to the failure of the charging State to prosecute him in a timely manner.

On May 13, 2005, Warden J. P. Young informed petitioner that he had an untried indictment pending against him from the State of New York, Bronx County. This notice also informed petitioner of his rights under the IADA, including the right to request a final disposition of the pending charge. *See* Petitioner's Exhibit, Doc. 1, p.6. On July 5, 2005, the petitioner exercised his

rights under Article III of the IADA to request a final disposition of the indictment. *See* Petitioner's Exhibit, Doc. 1, p.7. There was apparently no response to this request. Therefore, on October 19, 2005, the Bureau of Prisons sent a letter to the respondent inquiring about the status of petitioner's request under the IADA. *Id.* Petitioner states that still no response has been received. He further indicates in this petition that he has presented his claim to the charging state's highest court.[1] *See* Petition, Doc. 1, p.4.

Petitioner filed this petition on March 6, 2006 seeking to have the court order that the detainer be removed and the indictment be dismissed due to the failure of the charging State to bring him to trial within 180 days of his request for final disposition. *See* IADA, 18 U.S.C. App. § 2, Article III(c).

For the following reasons, the court finds that petitioner's *habeas* petition should be transferred to the United States District Court for the Southern District of New York.[2]

## LAW AND ANALYSIS

To entertain a *habeas* petition, the court must have jurisdiction over the prisoner or the custodian. *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). When a prisoner is confined in one State and challenges a detainer which has been lodged against him by another State, the prisoner is deemed to be "in custody" in the charging State by virtue of the detainer. *See Rumsfeld v. Padilla*, 124 S.Ct. 2711, (2004), citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 93 S.Ct. 1123, 1126 (1973). "Under *Braden,* then, a habeas petitioner who challenges a form of 'custody' other than

---

[1] The undersigned expresses no opinion as to whether petitioner has exhausted available state court remedies in New York prior to proceeding in federal court. This matter is better determined by the transferee court.

[2] According to 28 U.S.C. § 112, Bronx County is located within the Southern District of New York.

2

present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla,* 124 S.Ct. at 2720.

In this case, the petitioner is confined within the territorial jurisdiction of this court, but he challenges a detainer which has been lodged against him by the State of New York. Accordingly, both this court and the United States District Court for the Southern District of New York have concurrent jurisdiction over the petition.

The Supreme Court in *Braden* addressed the jurisdiction and venue of the federal district court in a similar situation and concluded that although the federal district court in the district of confinement may exercise concurrent jurisdiction, the district of confinement will not ordinarily prove as convenient as the district court in the State which has lodged the detainer. *Braden,* 93 S.Ct. at 1131, n. 15.

Because witnesses and evidence relating to petitioner's challenge to the detainer are primarily located in the State of New York, the United States District Court for the Souther District of New York is clearly the more convenient forum to consider the issues raised in petitioner's *habeas corpus* petition.

Accordingly,

**IT IS RECOMMENDED** that this petition be **TRANSFERRED** to the **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK,** pursuant to 28 U.S.C. § 1404(a).

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 6th day of June, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE